

**Tennessee Bureau of Investigation**
Sexual Offender / Violent Sexual Offender / Violent Juvenile Sexual Offender
Instructions Form

| Offender's Printed Name | Offender's TOMIS / SO # | 12/6/2021 Date Form Completed |

## Section 1 – Requirements of the Program

The Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification, and Tracking Act Of 2004 was established in T.C.A., 40-39-201 et.seq. and became effective August 1, 2004. All persons who meet the criteria listed below and who live, work, establish a physical presence, attend school, or fit any other criteria set out in the statute in Tennessee must register with Tennessee's Sexual Offender / Violent Sexual Offender / Violent Juvenile Sexual Offender Registration, Verification and Tracking System (SOR).

**Definitions:**

**Sexual Offender:** Under 40-39-202, "Sexual Offender" means a person who has been convicted in this state of committing a sexual offense as defined in subdivision (20), or its equivalent in another jurisdiction; or has another qualifying conviction as defined in 40-39-203 (a)(2).

**Offender Against Children:** Under 40-39-202, "Offender Against Children" is a sexual offender, violent sexual offender or violent juvenile sexual offender whose victim(s) is/are under the age of thirteen (13).

**Violent Sexual Offender:** Under 40-39-202, "Violent Sexual Offender" means a person who has been convicted in this state of committing a "violent sexual offense", as defined in subdivision (31), or its equivalent in another jurisdiction; or has another qualifying conviction, as defined in 40-39-203 (a)(2).

**Violent Juvenile Sexual Offender:** Under 40-39-202, "Violent Juvenile Sexual Offender" means a person who has been adjudicated delinquent in this state for any act that constitutes a "violent juvenile sexual offense", as defined in subdivision (29), provided, that the person is at least fourteen (14) years of age but less than eighteen (18) years of age at the time the act is committed; or has another qualifying adjudication or conviction, as defined in 40-39-203(a)(2).

Any sexual offender, violent sexual offender or violent juvenile sexual offender who meets any of the conditions above must register or report with the TN SOR as follows:

1. An offender who is incarcerated in a state, federal, or private penal facility shall, both within 48 hours of arrival and 48 hours prior to release, register or report in person with the warden or warden's designee by completing and signing a TBI Registration Form under the penalty of perjury; or

2. An offender who is incarcerated in a local jail shall, both within 48 hours of arrival and 48 hours prior to release, register or report in person with the sheriff or sheriff's designee by completing and signing a TBI Registration Form under the penalty of perjury; or

3. An offender from another state, jurisdiction, or country who has established a physical presence at a particular location in TN, shall within 48 hours of establishing such residency or presence, register or report in person with the Police Department (PD) if the primary residence is within city limits or with the Sheriff's Office (SO) if the residence is outside city limits, by completing and signing a TBI Registration Form under the penalty of perjury; or

4. An offender from another state, jurisdiction, or country, who is not a resident of TN, shall, within 48 hours of employment in TN, or commencing practice of a vocation in TN, register or report in person with the PD if the place of employment is within city limits, or with the SO if the place of employment is outside city limits, by completing and signing a TBI Registration Form under the penalty of perjury; or

5. An offender from another state, jurisdiction, or country, who is not a resident of TN, shall, within 48 hours of becoming a student in TN, register or report in person with the law enforcement agency of the institution of higher education or the designated law enforcement agency with jurisdiction over the campus by completing and signing a TBI Registration Form under the penalty of perjury; or

6. An offender from another state, jurisdiction, or country who becomes a resident of TN pursuant to the Interstate Compact Act shall register or report within 48 hours of entering the state in person with the Board of Probation and Parole (Board) by completing and signing a TBI Registration Form under the penalty of perjury, in addition to the requirements of the Interstate Compact Act and the specialized conditions for sex offenders from the Board; or

7. Offenders who do not maintain either a primary or secondary residence shall be considered homeless. Homeless offenders are subject to the registration requirements for the SOR and shall register or report with the appropriate law enforcement agency or BOPP monthly by completing and signing a TBI Registration Form under the penalty of perjury; or

8. If an offender is released or discharged from a nursing home, assisted living facility, mental health institution or is no longer continuously confined to home or a health care facility due to mental or physical disabilities, the offender shall, within forty-eight (48) hours, register or report in person with the designated law enforcement agency, completing and signing a TBI registration form, under the penalty of perjury, pursuant to 39-16-702(b)(3). If the offender has previously registered prior to such release or discharge, the offender shall, within forty-eight (48) hours, report in person to the designated law enforcement agency and update all information pursuant to this section; or

9. Any offender who enters a plea of guilty (any date) or is adjudicated delinquent in this state to a qualifying offense shall register or report in person with the designated law enforcement agency, by completing and signing a TBI Registration Form under the penalty of perjury; or

10. Any offender who enters a plea of guilty or is adjudicated delinquent in any other state to a qualifying offense and who establishes sufficient contact with the state of Tennessee shall register or report in person with the designated law enforcement agency, by completing and signing a TBI Registration Form under the penalty of perjury; or

11. Any offender who is required to register or report as any type of sexual offender in another jurisdiction prior to his or her presence in this state, shall register or report in person with the designated law enforcement agency, by completing and signing a TBI Registration Form under the penalty of perjury; or

12. An offender, after being released from probation or parole, or from a local, state, or federal jail or a private penal institution, shall, within 48 hours after release, register or report in person with the designated law enforcement agency, by completing and signing a TBI Registration Form under the penalty of perjury unless the place of incarceration is also the person's registering agency. That law enforcement agency will then become the offender's registering/reporting agency; or

13. An offender who is housed in a halfway house or any other facility as an alternative to incarceration where unsupervised contact is permitted outside of the facility shall register or report in person with the designated law enforcement agency, by completing and signing a TBI Registration Form under the penalty of perjury.

**TBI Registration Form:** The registration form shall be transmitted electronically or printed from the SOR by the registering agency after the offender is asked in person to provide the requested information. In some cases when the SOR Database system is temporarily inoperable, the offender or agency shall manually complete the registration form in person at the registering agency, and the registering agency shall enter the information into the SOR within twelve (12) hours. In cases of offenders adjudicated delinquent for qualifying offenses in Tennessee, the juvenile court shall manually complete the registration form with the offender in person and transmit it to TBI, who shall enter the information into the SOR. In cases of juvenile adjudications from other states where the offender's contact with Tennessee requires registration, the registering agency shall manually complete the registration form with the offender in person and transmit it to TBI, who shall enter the information into the SOR.

**Registering and Reporting Requirements for Offenders:**
Under 40-39-204, after the offender has registered with the SOR, the offender shall report in person to the designated law enforcement agency as follows:
(1) Sexual offenders shall report once a year within 7 days before and 7 days after the offender's birthday, and pay an administrative fee of $150. Offenders whose initial registration occurs after the annual reporting period shall be required to pay the administrative costs at the time of the initial registration. Offenders may also be required to pay an additional fee of up to $50.00 as imposed by county/city governing bodies pursuant to 40-39-217.
(2) Violent sexual offenders shall report in person during the months of March, June, September, and December of each calendar year, to the designated law enforcement agency, on a date established by such agency, and shall pay their administrative fee of $150 at the time of the violent offender's initial registration or initial reporting date for the calendar year. Offenders may also be required to pay an additional fee of up to $50.00 as imposed by county/city governing bodies pursuant to 40-39-217.
(3) Violent juvenile sexual offenders shall report in person during the months of March, June, September, and December of each calendar year, to the designated law enforcement agency, on a date established by such agency. Upon reaching the age of eighteen (18) violent juvenile sexual offenders shall pay their administrative fee of $150 at the time of the violent offender's initial registration or initial reporting date for the calendar year. Offenders may also be required to pay an additional fee of up to $50.00 as imposed by county/city governing bodies pursuant to 40-39-217.
(4) Homeless offenders shall report monthly.
(5) All offenders shall report to the designated law enforcement agency at least twenty-one (21) days before traveling out of the country; provided, that offenders who travel out of the country frequently for work or other legitimate purpose, with the written approval of the designated law enforcement agency, and offenders who travel out of the country for emergency situations shall report to the designated law enforcement agency at least twenty-four (24) hours before traveling out of the country.

Under 40-39-203, within 48 hours of establishing or changing a primary or secondary residence, establishing a physical presence at a particular location, or becoming employed or practicing a vocation or becoming a student in this state, offenders shall register or report in person to the designated law enforcement agency. Under 40-39-203, within 48 hours of a material change in their employment or vocational status, the offender shall report the change to the person's registering agency. For a change in employment or vocational status to be considered a material one, it must remain in effect for five (5) consecutive days or more.

Under 40-39-203, within 48 hours of a change of any other information given to the registering agency by the offender that is contained on the registration form, the offender must report the change to the registering agency. This includes, but is not limited to, changes in the offender's primary or secondary residences, mailing address, vehicle descriptions, vehicle information numbers, and license tag numbers (this includes both vehicles used or owned by an offender), the complete listing of the offender's electronic mail address information, including usernames, any social media accounts the offender uses or intends to use, instant message, other internet communication platforms or devices, and the offender's username, screen name, or other method by which the offender accesses these accounts or websites, minors residing in the primary or secondary residence, complete name and all aliases, including, but not limited to, any names that the offender may have had or currently has by reason of marriage or otherwise, including pseudonyms and ethnic or tribal names, copies of all passport and immigration documents, professional licensing information that authorizes an offender to engage in an occupation or carry out a trade or business, and any other registration, verification and tracking information contained on the registration form.

If the offender's DNA sample has not already been collected pursuant to 40-35-321 or any other law and received by the TBI, the offender's DNA sample shall be taken by the registering agency and sent to the TBI.

**Reporting Requirements for Offenders Who Attend, Work at, or Volunteer at an Institution of Higher Education:**

1. The offender shall notify the registering agency (PD/SO for offender's primary residence or probation/parole officer) of each institution of higher education in Tennessee at which the offender is employed, volunteers, or is a student; and
2. The offender shall notify the registering agency of each change in enrollment or employment status at each institution of higher education; and
3. If the offender does not have a primary residence in Tennessee, the offender's registering agency shall be the law enforcement agency for the institution of higher education or the law enforcement agency with jurisdiction over the campus.

**Sanctions of the Program:**

If an adult offender knowingly does any of the following, the offender may be prosecuted in the appropriate jurisdiction on a Class E felony violation of the registration laws. A violent juvenile sexual offender who knowingly violates this section commits a delinquent act as defined by the juvenile code:

(1) Failure of an offender to timely register or report;
(2) Falsification of a TBI registration form;
(3) Failure to timely disclose required information to the designated law enforcement agency;
(4) Failure to sign a TBI registration form;
(5) Failure to pay the annual administrative costs, if applicable and financially able;
(6) Failure to timely disclose status as a sexual offender, violent sexual offender or violent juvenile sexual offender to the designated law enforcement agency upon reincarceration;
(7) Failure to timely report to the designated law enforcement agency upon release after reincarceration;
(8) Failure to timely report to the designated law enforcement agency following re-entry in this state after deportation;
(9) Failure to timely report to the offender's designated law enforcement agency when the offender moves to another state; or
(10) Conviction of a new sexual offense, violent sexual offense, or violent juvenile sexual offense.

\* Additionally, if the offender is on probation, parole, or any other alternative to incarceration, failure to comply with the program requirements will constitute sufficient grounds for and may result in the revocation of offender's probation, parole, or other alternative to incarceration.

No person committing such offenses shall be eligible for suspension of sentence, diversion or probation until the minimum sentence is served in its entirety.

Section 40-39-211

40-39-211(a)(1) While mandated to comply with the requirements of this chapter, no sexual offender, as defined in § 40-39-202, or violent sexual offender as defined in § 40-39-202, shall knowingly establish a primary or secondary residence or any other living accommodation or knowingly accept employment within one thousand feet (1,000') of the property line of any public school, private or parochial school, licensed day care center, other child care facility, public park, playground, recreation center, or public athletic field available for use by the general public.

40-39-211(a)(2) For purposes of this subsection (a), "playground" means any indoor or outdoor facility that is intended for recreation of children and owned by the state, a local government, or a not-for-profit organization, and includes any parking lot appurtenant to the indoor or outdoor facility.

40-39-211(b) No sexual offender, violent sexual offender, or violent juvenile sexual offender, as those terms are defined in § 40-39-202, shall knowingly: (1) Reside within one thousand feet (1,000') of the property line on which the offender's former victims or the victims' immediate family members reside; (2) Come within one hundred feet (100') of any of the offender's former victims, except as otherwise authorized by law; or (3) Contact any of the offender's former victims or the victims' immediate family members without the consent of the victim or consent of the victim's parent or guardian if the victim is a minor being contacted by telephone, in writing, by electronic mail, internet services or any other form of electronic communication, unless otherwise authorized by law.

40-39-211(c)(1) While mandated to comply with the requirements of this part, no sexual offender or violent sexual offender, whose victim was a minor, shall knowingly reside or conduct an overnight visit at a residence in which a minor resides or is present. Notwithstanding this subsection (c), the offender may reside, conduct an overnight visit, or be alone with a minor if the offender is the parent of the minor, unless:

(A) The offender's parental rights have been or are in the process of being terminated as provided by law;
(B) Any minor or adult child of the offender was a victim of a sexual offense or violent sexual offense committed by the offender; or
(C) The offender has been convicted of a sexual offense or violent sexual offense and the following conditions have been satisfied:

(i) The victim of the sexual offense or violent sexual offense was a minor twelve (12) years of age or less; and
(ii) A circuit court, exercising its jurisdiction over civil matters, has found by clear and convincing evidence that the offender presents a danger of substantial harm to the minor.

40-39-211(c)(2) For purposes of subdivision (c)(1)(C):

- (A) The district attorney general for the judicial district in which the minor resides may petition the court to make a finding described in subdivision (c)(1)(C)(ii) at any time the offender is required to register pursuant to this part;
- (B) The offender must be provided notice and an opportunity to be heard;
- (C) When determining whether the offender poses a danger of substantial harm to a minor, the court may consider the facts and circumstance of the offense, the offender's most recent efforts to rehabilitate, compliance with community supervision as provided in § 39-13-524 if applicable, any violations of this part as specified in § 40-39-208, and other relevant evidence;
- (D) All files and records of the court in the proceeding must be treated as confidential and shall not be open to the public or disclosed to the public, but are open to:

  - (i) The judge, officers, and professional staff of the court;
  - (ii) The parties to the proceeding and their counsel and representatives;
  - (iii) Any parent or legal guardian of the minor other than the offender;
  - (iv) The offender's registering agency; and
  - (v) With permission of the court, any other person or agency having a legitimate interest in the proceeding;

- (E) The court must enter a written order stating its findings. If the court finds that the offender presents a danger of substantial harm to the minor, the district attorney general shall provide the court's finding to the offender's registering agency;
- (F) No sooner than two (2) years after the date of entry of the circuit court's order, the offender may petition the court for reconsideration of a finding that the offender presents a danger of substantial harm to the minor. The offender must show, by clear and convincing evidence, that the offender no longer presents a danger of substantial harm to the minor; and
- (G) An appeal from a final order or judgment under subdivision (c)(1)(C)(ii) may be made to the court of appeals. A finding that the offender presents a danger of substantial harm to the minor shall remain in effect pending the outcome of the appeal.

40-39-211(d)(1) No sexual offender, as defined in § 40-39-202, or violent sexual offender, as defined in § 40-39-202, shall knowingly:

- (A) Be upon or remain on the premises of any building or grounds of any public school, private or parochial school, licensed day care center, other child care facility, public park, playground, recreation center or public athletic field available for use by the general public in this state when the offender has reason to believe children under eighteen (18) years of age are present;
- (B) Stand, sit idly, whether or not the offender is in a vehicle, or remain within one thousand feet (1,000') of the property line of any building owned or operated by any public school, private or parochial school, licensed day care center, other child care facility, public park, playground, recreation center or public athletic field available for use by the general public in this state when children under eighteen (18) years of age are present, while not having a reason or relationship involving custody of or responsibility for a child or any other specific or legitimate reason for being there; or
- (C) Be in any conveyance owned, leased or contracted by a school, licensed day care center, other child care facility or recreation center to transport students to or from school, day care, child care, or a recreation center or any related activity thereof when children under eighteen (18) years of age are present in the conveyance.

40-39-211(d)(2) Subdivision (d)(1) shall not apply when the offender:

- (A) Is a student in attendance at the school;
- (B) Is attending a conference with school, day care, child care, park, playground or recreation center officials as a parent or legal guardian of a child who is enrolled in the school, day care center, other child care center or of a child who is a participant at the park, playground or recreation center and has received written permission or a request from the school's principal or the facility's administrator;
- (C) Resides at a state licensed or certified facility for incarceration, health or convalescent care; or
- (D) Is dropping off or picking up a child or children and the person is the child or children's parent or legal guardian who has provided written notice of the parent's offender status to the school's principal or a school administrator upon enrollment.

40-39-211(d)(3) The exemption provided in subdivision (d)(2)(B) shall not apply if the victim of the offender's sexual offense or violent sexual offense was a minor at the time of the offense and the victim is enrolled in the school, day care center, recreation center or other child care center that is participating in the conference or other scheduled event.

40-39-211(e) Changes in the ownership or use of property within one thousand feet (1,000') of the property line of an offender's primary or secondary residence or place of employment that occur after an offender establishes residence or accepts employment shall not form the basis for finding that an offender is in violation of the residential restrictions of this section.

40-39-211(f) A violation of this part is a Class E felony. No person violating this part shall be eligible for suspension of sentence, diversion or probation until the minimum sentence is served in its entirety.

40-39-211(g)(1) The first violation of this part is punishable by a fine of not less than three hundred fifty dollars ($350) and imprisonment for not less than ninety (90) days.

40-39-211(g)(2) A second violation of this part is punishable by a fine of not less than six hundred dollars ($600) and imprisonment for not less than one hundred eighty (180) days.

40-39-211(g)(3) A third or subsequent violation of this part is punishable by a fine of not less than one thousand one hundred dollars ($1,100) and imprisonment for not less than one (1) year.

40-39-211(g)(4) A violation of this part due solely to a lack of the written permission required pursuant to subdivision (d)(2) shall be punishable by fine only.

40-39-211(h)(1)(A) While mandated to comply with the requirements of this part, it is an offense for three (3) or more sexual offenders, as defined in § 40-39-202, or violent sexual offenders, as defined in § 40-39-202, or a combination thereof, to establish a primary or secondary residence together or inhabit the same primary or secondary residence at the same time.

40-39-211(h)(1)(B) Each sexual offender or violent sexual offender who establishes or inhabits a primary or secondary residence in violation of subdivision (h)(1)(A) commits a violation of this section.

40-39-211(h)(1)(C) Subdivision (h)(1)(A) shall not apply if the residence is located on property that is, according to the relevant local, county, or municipal zoning law, zoned for a use other than residential or mixed-use.

40-39-211(h)(2)(A) No person, corporation, or other entity shall knowingly permit three (3) or more sexual offenders, as defined in § 40-39- 202, violent sexual offenders, as defined in § 40-39-202, or a combination thereof, while such offenders are mandated to comply with the requirements of this part, to establish a primary or secondary residence in any house, apartment or other habitation, as defined by § 39-14- 401(1)(A), owned or under the control of such person, corporation, or entity.

40-39-211(h)(2)(B) Subdivision (h)(2)(A) shall not apply if the residence is located on property that is, according to the relevant local, county, or municipal zoning law, zoned for a use other than residential or mixed-use.

40-39-211(h)(3) This subsection (h) shall not apply to any residential treatment facility in which more than three (3) sexual offenders, as defined in § 40-39-202, violent sexual offenders, as defined in § 40-39-202, or combination thereof, reside following sentencing to such facility by a court or placement in such facility by the board of parole for the purpose of in-house sexual offender treatment; provided, the treatment facility complies with the guidelines and standards for the treatment of sexual offenders established by the sex offender treatment board pursuant to § 39-13-704.

40-39-211(i) The restrictions set out in subsections (a)-(d) and (k) shall not apply to a violent juvenile sexual offender required to register under this part unless otherwise ordered by a court of competent jurisdiction.

40-39-211(j) Notwithstanding any law to the contrary, a violent juvenile sexual offender who knowingly violates this section commits a delinquent act as defined by the juvenile code.

40-39-211(k)(1) As used in this subsection (k), unless the context otherwise requires:

(A)(i) "Alone with" means one (1) or more offenders covered by this subsection (k) is in the presence of a minor or minors in a private area; and

(a) There is no other adult present in the area;
(b) There is another adult present in the area but the adult is asleep, unconscious, or otherwise unable to observe the offender and the minor or minors;
(c) There is another adult present in the area but the adult present is unable or unwilling to come to the aid of the minor or minors or contact the proper authorities, if necessary; or
(d) There is another adult present in the area but the adult is also a sexual offender or violent sexual offender mandated to comply with the requirements of this part;

(A)(ii) If the offender is in a private area where the offender has the right to be, the offender is not "alone with" a minor or minors if the offender is engaged in an otherwise lawful activity and the presence of the minor or minors is incidental, accidental, or otherwise unrelated to the offender's lawful activity; and

(B)(i) "Private area" means in or on any real or personal property, regardless of ownership, where the conduct of the offender is not readily observable by anyone but the minor or minors alone with the offender;
(ii) If the private area contains multiple rooms, such as a hotel, motel, or other place of temporary lodging, any room, rooms, or other area that the offender occupies with a minor or minors and that otherwise meets the requirements of this definition shall be considered a private area.

40-39-211(k)(2) Unless otherwise permitted by subsection (c), while mandated to comply with the requirements of this part, no sexual offender, as defined in § 40-39-202, or violent sexual offender, as defined in § 40-39-202, shall be alone with a minor or minors in a private area.

Section 40-39-213 and 55-50-353
Every offender required to register pursuant to this part who is a resident of this state, and who is eligible, shall be responsible for obtaining a valid driver license or photo identification card that has been properly designated by the Department of Safety pursuant to 55-50-353. Every offender eligible to receive the license or identification card shall always have the license or identification card in the offender's possession. If the offender is ineligible to be issued a driver license or photo identification card, the department shall provide the offender some other form of identification card or documentation that, if it is kept in the offender's possession, will satisfy the requirements of this section and 55-50-353; such identification must be kept in the offender's possession at all times. If any offender is determined to be indigent, an identification card or other documentation in lieu of an identification card shall be issued to the offender at no cost. Every offender required to register pursuant to this part shall have obtained the documentation required by this section and presented it to the offender's registering agency no later than sixty (60) days from the date in which such person is required to register pursuant to this part.

No violent juvenile sexual offender shall be required to obtain a photo identification card or a valid driver license that has been properly designated by the Department of Safety, until such violent juvenile sexual offender attains the age of eighteen (18) years.
Violation is a class E felony.

Section 40-39-215
While mandated to comply with the requirements of this chapter, it is an offense for a sexual offender, violent sexual offender, or a violent juvenile sexual offender as defined in 40-39-202, whose victim was a minor, to knowingly: (1) Pretend to be, dress as, impersonate or otherwise assume the identity of a real or fictional person or character, or a member of a profession, vocation or occupation while in the presence of a minor, or with the intent to attract or entice a minor to be in the presence of the offender; (2) Engage in employment, a profession, occupation or vocation, regardless of whether compensation is received, that the offender knows or should know will cause the offender to be in direct and unsupervised contact with a minor; or (3) Operate, whether authorized to do so or not, any vehicle or specific type of vehicle, including, but not limited to, an ice cream truck or emergency vehicle, for the purpose of attracting or enticing a minor to be in the presence of the offender. It is a defense to a violation of this section that the offender was the parent of the minor in the offender's presence. Violation is a Class A misdemeanor.

Section 40-39-216
Any offender may be subject to certain restrictions on access to public libraries as set out in T.C.A. 40-39-216.

Section 40-39-303
Offenders convicted and placed on probation after July 1, 2017 for an offense that would qualify the offender as a child rapist or a child sexual predator under 39-13-532(a) and who does not maintain either a primary or secondary residence, to enroll in a satellite-based monitoring and supervision program for the full extent of the offender's term of probation.

Section 49-7-162
49-7-162(a) No person who is registered, or required to register, as a violent sexual offender or offender against children pursuant to the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification and Tracking Act of 2004, compiled in title 40, chapter 39, part 2, shall knowingly establish a primary or secondary residence or any other living accommodation in any public institution of higher education's on-campus student residence facilities, including dormitories and apartments.

49-7-162(b) A person who violates this section shall be subject to the penalties prescribed in § 40-39-208.

**Removal from Sex Offender Registry:** Offenders may refer to the public sex offender registry website at www.TBI.tn.gov or write TBI a letter at 901 R. S. Gass Blvd, Nashville, TN 37216, Attention: Sex Offender Registry regarding the Standard Operating Procedure for Removal from the Registry. Offender's may also e-mail their questions or request to TBISORMGR@tn.gov.

**TBI Sexual Offender/ Violent Sexual Offender/ Violent Juvenile Sexual Offender Instructions:** An officer/employee of the registering agency or juvenile court shall review this form with the offender. The offender must sign the form acknowledging that the program requirements have been explained and that the offender understands the requirements and sanctions resulting from failure to comply with the program.

**Notification of Federal Duty to Register as a Sex Offender:** Under the Sex Offender Registration and Notification Act, a federal law, persons with sex offense convictions must register as a sex offender and keep their registration current in each jurisdiction (state, territory, or tribe) in which they reside, and in each jurisdiction (state, territory, or tribe) where they are employed (including self-employment, non-compensated, and volunteer activities), and in each jurisdiction (state, territory, or tribe) where they are a student. Depending on the type of sex offense for which convicted, offenders must appear in person every three months, every six months or every year to allow the jurisdiction to take a current photograph and to verify pertinent information. In addition to the requirement for periodic updating of registration, convicted sex offenders are required to notify the jurisdiction where they are required to register not later than three business days (48 hours under Tennessee law), **in person**, after any change of name, residence, employment, or student status. Convicted sex offenders are required to notify the jurisdiction where they are required to register not later than three business days (48 hours under Tennessee law), of a change of any other information given to the registering agency by the offender that is contained on the registration form. This includes, but is not limited to, changes in the offender's mailing address, vehicle descriptions, vehicle information numbers, and license tag numbers (this includes both vehicles used or owned by an offender), the complete listing of the offender's electronic mail address information or any instant message, chat or other Internet communication name or identity that the person uses or intends to use; minors residing in the primary or secondary residence, complete name and all aliases, including, but not limited to, any names that the offender may have had or currently has by reason of marriage or otherwise, including pseudonyms and ethnic or tribal names, copies of all passport and immigration documents, professional licensing information that authorizes an offender to engage in an occupation or carry out a trade or business, and any other registration, verification and tracking information contained on the registration form.

Failure to comply with these obligations subjects the convicted offender to prosecution for failure to register or update their registration under federal law, 18 U.S.C. § 2250, punishable by up to 10 years imprisonment, which may be independent of any additional state law violations.

**Acknowledgement:**
I acknowledge that I have read or had read to me the summary of the registration, verification, and tracking requirements for both the State of Tennessee and Federal Law, which begins on page one (1) and ends on page seven (7) of this document. For the entire law, please visit TBI's website at https://www.tn.gov/tbi.html. The requirements have been fully explained, and I understand these requirements.

| Offender's Printed Name | Offender's Signature | Date Signed |
|---|---|---|
| KERLEY, HENRIETTA | | 12/6/2021 |
| Officer / Official Printed Name | Officer / Official Signature | Date Signed |

Rev 20.6.19s